**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Joshua Godhart,<br><br>    Plaintiff,<br><br>vs.<br><br>Steve Sharr; Timothy Shaddy; George Allen; Stacy Anderson; TeleTech Holdings, Inc.,<br><br>    Defendants. | No. CV 12-01005-PHX-FJM<br><br>**ORDER** |

The court has before it defendants Steve Sharr, George Allen, Stacy Anderson, and TeleTech Holdings, Inc.'s ("TeleTech") motion to dismiss or, in the alternative, to stay litigation pending completion of arbitration (doc. 11), plaintiff's response (doc. 12), defendants' reply (doc. 14), plaintiff's motion for default judgment (doc. 15), and defendants' response (doc. 16). Defendant Timothy Shaddy has not been served but is represented by the same counsel as moving defendants and the motions apply equally to him. Defendants move to dismiss plaintiff's complaint pursuant to Rules 8, 10, 11(b)(1), and 12(b)(5), Fed. R. Civ. P. They also move to dismiss or stay on the grounds that plaintiff's claims are subject to pending arbitration and duplicative of previous claims.

Plaintiff alleges he is entitled to default judgment because he served all defendants and they have failed to file an answer. Although defendants have not filed an answer, they filed a timely motion to dismiss. They have not "failed to plead or otherwise defend." Rule 55,

1    Fed. R. Civ. P.  Plaintiff's motion must be denied.

2    Defendants move to dismiss for insufficient service of process pursuant to Rule 3    12(b)(5), Fed. R. Civ. P.  When a defendant challenges the sufficiency of service, plaintiff 4    bears the burden of establishing that service was valid under Rule 4, Fed. R. Civ. P. 5    Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  Plaintiff argues that, since 6    defendants' lawyer has been aware of this action since May 2012, service which complies 7    with the Federal Rules of Civil Procedure is unnecessary.  But notification to counsel is 8    insufficient and even pro se plaintiffs must follow the rules.  The court advised plaintiff on 9    May 15, 2012, that he was "responsible for service of the summons and complaint by waiver 10   or otherwise under Rule 4, Fed. R. Civ. P."  (Doc. 4).

11   Plaintiff filed affidavits of service alleging that all defendants were served by process 12   server or U.S. mail.  Proof of service must be made "by the server's affidavit."  Rule 4(*l*), Fed. 13   R. Civ. P.  "Any person who is at least 18 years old and not a party may serve a summons 14   and complaint."  Rule 4(c)(2), Fed. R. Civ. P.  The server, therefore, cannot be the plaintiff 15   himself.  Yet the affidavits are signed by plaintiff, not a third-party server.  Four proof of 16   service forms are attached to his motion for default judgment, purporting to show that a 17   process server served defendants on May 22, but the information contained therein is 18   contradicted by defendants' declarations and a third-party declaration.

19   Plaintiff did not serve defendants by one of the methods set forth in Rule 4(e)(2), Fed. 20   R. Civ. P.  The individual moving defendants submit declarations stating that they were not 21   personally served by a process server.  A security guard at the office where Anderson and 22   Allen work attests that a man left packages with her, asking them to be delivered to 23   defendants.  Deliverance to a security guard does not constitute personal service, nor was the 24   guard authorized to accept service on their behalf.  Plaintiff did not leave his summons and 25   complaint with a person at any defendant's dwelling.  Defendant Steve Sharr received the 26   summons and amended complaint via first class mail, but this is not an accepted method of 27   service under Rule 4(e)(2).  Plaintiff filed an affidavit stating that he served defendant 28   Timothy Shaddy personally and by mail at an address in Gilbert, Arizona, but Shaddy asserts

1 that he has not lived at this address since September 2010 and has not received a copy of the
2 summons and complaint.

3 Plaintiff contends that he served defendant TeleTech by U.S. mail. Mail delivery does
4 not meet the requirements for service of an individual or a corporation under Rule 4(h)(1)(B),
5 Fed. R. Civ. P. Arizona authorizes non-residents to be served by mail only by a "form of
6 mail requiring a signed and returned receipt." Rule 4.2(c), Ariz. R. Civ. P. The serving party
7 must file an affidavit with the court with a copy of the receipt attached. Id. Plaintiff failed
8 to file an affidavit that complies with Rule 4.2(c), Ariz. R. Civ. P. His attempted service on
9 all defendants has been ineffective.

10 Even if service had been effective, plaintiff's complaint must be dismissed. In a
11 related case, Judge Sedwick found that plaintiff signed a valid arbitration agreement with his
12 former employer, Direct Alliance Corporation ("DAC"), agreeing to arbitrate disputes
13 regarding his employment, including claims of discrimination. Godhart v. Direct Alliance
14 Corp., No. 2:10-cv-02744 JWS (doc. 22). Judge Sedwick compelled the parties to arbitrate
15 plaintiff's Title VII claims and issued a stay that is still in effect. The factual allegations in
16 the complaint here are nearly identical to the factual allegations in that case. Plaintiff's
17 current claims based on racial discrimination arise under the arbitration agreement because
18 they arise from his employment with DAC. Plaintiff does not dispute defendants' contention
19 that all defendants are parties to or third-party beneficiaries of the arbitration agreement.

20 Plaintiff contends that DAC "has merged into insolvency to avoid liability" and no
21 longer exists (doc. 12 at 3-4). As a result, he argues that the arbitration agreement is moot.
22 He also argues that DAC violated Rule 7.1(b)(2), Fed. R. Civ. P., by not supplementing its
23 corporate disclosure statement after it changed its name. But Rule 7.1 applies only to parties
24 and DAC is not a party to this litigation. Plaintiff sued DAC's parent company, not DAC
25 itself. TeleTech owned DAC and continues to own the company after its re-incorporation
26 merger. DAC's name change does not affect the current litigation.

27 On May 15, 2012, the court warned plaintiff that his complaint violated Rule 8, Fed.
28 R. Civ. P. He filed an amended complaint May 22, 2012, but it fails to cure the original

1 complaint's deficiencies. A complaint must contain "a short and plain statement of the claim
2 showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. "Each allegation
3 must be simple, concise, and direct." Rule 8(d)(1), Fed. R. Civ. P. Plaintiff's complaint fails
4 to comply with this rule. It does not clearly identify causes of action or the defendants
5 against whom plaintiff intends to assert each cause of action. It is impossible to determine
6 which defendants are allegedly liable for which wrongs. "[O]ne cannot determine from the
7 complaint who is being sued, for what relief, and on what theory, with enough detail to guide
8 discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

9 Finally, we granted plaintiff's application to proceed in forma pauperis by allowing
10 him to pay the $350 filing fee in seven increments of $50, with the first payment due May
11 18, 2012 and $50 per month due each of the succeeding six months. The only payment
12 plaintiff has made was for $150 on September 10, 2012. Not only did he miss the deadline
13 for his first payment, but he has paid only three $50 payments when five were due by this
14 time.

15 **IT IS ORDERED DENYING** plaintiff's motion for default judgment (doc. 15).

16 **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 11), without
17 prejudice. Claims against defendant Timothy Shaddy are also dismissed, without prejudice,
18 for the reasons discussed above.

19 **IT IS FURTHER ORDERED** that plaintiff pay the remainder of the filing fee within
20 ten days of the docketing of this order.

21 DATED this 21st day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -